**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **PML CLUBS, INC.,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**GOLD SUIT, INC.,**<br><br>**and,**<br><br>**JGC ODESSA GOLD, LLC,**<br><br>**and,**<br><br>**JGC TYE, L.L.C.,**<br><br>**and,**<br><br>**JGC HARLINGEN, LLC,**<br><br>**and,**<br><br>**BRYAN SCOTT FOSTER,**<br><br>**Defendants.** | **CIVIL ACTION NO.:**<br><br>**COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF** |

**COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF**

Plaintiff, PML Clubs, Inc., by its attorney, and for its *Complaint* against the above-named Defendants, hereby alleges as follows:

**THE PARTIES**

1. Plaintiff is a corporation, organized under the laws of State of Delaware, with a principal business office in Myrtle Beach, South Carolina.

2. Upon information and belief, Defendant, Gold Suit, Inc. ("Gold Suit"), which owns

and/or operates "Jaguars Gold Club" in El Paso, Texas, is a corporation, organized under the laws of the State of Texas, with a registered business address in Dallas, Texas, and may be served through its principal officer and registered agent, Bryan Scott Foster, in Plano, Texas.

3. Upon information and belief, Defendant, JGC Odessa Gold, LLC ("JGC Odessa"), which owns and/or operates "Jaguars Gold Club" in Odessa, Texas, is a limited liability company, organized under the laws of the State of Texas, with a registered agent in Dallas, Texas, and may be served through said agent, or its principal officer, Bryan Scott Foster, in Plano, Texas.

4. Upon information and belief, Defendant, JGC Tye, LLC ("JGC Tye"), which owns and/or operates "Jaguars Gold Club" in Tye, Texas, a suburb of Abilene, is a limited liability company, organized under the laws of the State of Texas, with a registered agent in Dallas, Texas, and may be served through said agent, or its principal officer, Bryan Scott Foster, in Plano, Texas.

5. Upon information and belief, Defendant, JGC Harlingen, LLC ("JGC Harlingen"), which owns and/or operates "Jaguars Gold Club" in Harlingen, Texas, is a limited liability company, organized under the laws of the State of Texas, with a registered agent in Dallas, Texas, which may be served through said agent, or its principal officer, Bryan Scott Foster, in Plano, Texas.

6. Upon information and belief, Defendant, Bryan Scott Foster ("Foster"), is an individual, domiciled in Plano, Texas; is an officer, director, and the controlling principal of Defendants Gold Suit, JGC Odessa, JGC Tye, and JGC Harlingen; owns and/or controls additional "Jaguars Gold Club"-branded establishments in Lubbock and Longview, Texas; and approved, and is the driving force behind, the acts complained of herein.

## NATURE OF ACTION

7. This is an action for federal service mark infringement, unfair competition, and false

designation of origin, under the Trademark Act of 1946, as amended [*The Lanham Act*, 15 U.S.C. § 1051 *et seq*.], arising from the use, by Defendants, of the names and marks, "GOLD CLUB," and "JAGUARS GOLD CLUB," for adult-oriented cabaret, bar, restaurant, and/or nightclub services, in violation of Plaintiff's incontestable, federally-registered rights in and to "THE GOLD CLUB" service mark.

**JURISDICTION**

8. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act]; 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks, and unfair competition claims joined therewith.

**VENUE**

9. Venue is proper in this District and Division, under 28 U.S.C. § 1391(b) and (c).

**STATEMENT OF FACTS**

**Plaintiff and the Rights at Issue**

10. Plaintiff is, and Plaintiff's predecessors and/or shareholders have long been, engaged in the business of providing bar, cabaret, restaurant, and nightclub services, directly or through licensees, in upscale gentlemen's clubs throughout the country. Plaintiff was incorporated in 2007, but the origin of its relevant business dates back to 1987, when the first gentlemen's club bearing THE GOLD CLUB designation opened in Atlanta, Georgia. This establishment, where one of Plaintiff's shareholders was a manager, achieved national renown by the late-1990's; was patronized by the rich and famous, as well as the general public; and, upon information and belief, was one of the most successful gentlemen's clubs in U.S. history as of that time. However, in or around November 1999, scandal overtook success, and ultimately, THE GOLD CLUB ceased operations

in Atlanta, and was closed, on or about August 1, 2001.

11. On August 13, 2001, Plaintiff's predecessor filed an application to register THE GOLD CLUB service mark with the United States Patent and Trademark Office ("PTO"), under Serial No. 76/298,869, to ensure that rights in the mark would not be lost, or captured by a third party, following the closure of the Atlanta establishment. The application was filed under Section 1(b) of the Trademark Act [15 U.S.C. § 1051(b)], based on an intent to use the mark in commerce, for, and in connection with, "bar, cabaret, and restaurant services," in International Class 42, and Plaintiff's predecessor began using the mark in interstate commerce thereunder, for a gentlemen's club in in Beaumont, Texas, at least as early as March 4, 2004. The application was granted on June 8, 2004; the mark was registered, under U.S. Reg. No. 2,851,304; and, the registration was assigned to Plaintiff on September 13, 2007, together with the goodwill of the business to which the mark pertains, and the right to sue for past infringements. A certified copy of the registration, showing title in the name of Plaintiff, and current status, is attached hereto as *Exhibit 1*.

12. The registration shown in *Exhibit 1* is valid and subsisting, and remains in full force and effect, as evidence of Plaintiff's exclusive right to use THE GOLD CLUB mark for, and in connection with, the services specified therein. Additionally, the registration has become "incontestable," under 15 U.S.C. § 1065.

13. Plaintiff has continued to expand its business under THE GOLD CLUB mark, and currently licenses establishments providing bar, cabaret, restaurant, and nightclub services thereunder, in, *inter alia*, Texas, North Carolina, New Hampshire, Delaware, and Florida. Plaintiff plans to continue this expansion aggressively, and Texas is an important market for Plaintiff's services under the mark. Examples of Plaintiff's use of THE GOLD CLUB mark, standing alone,

and with additional verbiage and designs, are attached hereto as *Exhibit 2*.

14.     Plaintiff has invested substantial time, money, and effort, in the development, enhancement, advertisement, promotion, and marketing of services under THE GOLD CLUB designation, and in the protection of THE GOLD CLUB mark. As a result of these efforts; the goodwill built up by Plaintiff in the mark thereby; the consistent, high quality of services rendered thereunder; and, the goodwill developed by Plaintiff's predecessors, THE GOLD CLUB mark is a most valuable asset. Members of the public, and relevant consumers, recognize THE GOLD CLUB as designating gentlemen's clubs of the highest quality, known for clean, upscale interiors, beautiful women, gourmet food, excellent service, the finest V.I.P. experience, and a "wild streak," inherited from the original Atlanta location, which originate exclusively from Plaintiff, or its licensees.

15.     Pursuant to 15 U.S.C. § 1057(c), the filing of U.S. Application Serial No. 76/298,869 by Plaintiff's predecessor on **August 13, 2001**, under the intent-to-use provisions of the Trademark Act, constituted constructive use of THE GOLD CLUB service mark, conferring a right of priority, nationwide in effect, against all other would-be users of the mark, or any mark confusingly similar thereto, for the services specified in the application, or goods or services highly-related thereto, and no third party could lawfully acquire any rights in the mark, including state or common law rights, following that date. Thus, any party that began using such a mark after August 13, 2001, at the latest, is a "junior user" *vis a vis* Plaintiff.

16.     At no time has Plaintiff licensed or otherwise authorized Defendants to use THE GOLD CLUB mark, or any mark confusingly similar thereto, in connection with services covered by Plaintiff's aforementioned federal registration, in connection with goods or services unrelated thereto, or as a trade name or assumed business name, in whole or part.

**Defendants' Unlawful Conduct**

17. Notwithstanding Plaintiff's prior, federal, statutory rights in, and to, THE GOLD CLUB mark, Defendants knowingly adopted, have used, and continue to use, in interstate commerce, the names and marks, "GOLD CLUB," and "JAGUARS GOLD CLUB," which infringe upon, and violate, Plaintiff's aforesaid rights, to identify, advertise, and promote Defendants' cabaret, bar, restaurant, and/or nightclub services, at gentlemen's clubs in El Paso, Odessa, Tye/Abilene, Harlingen, Longview, Lubbock, Dallas, and Fort Worth, Texas, and as trade names or assumed business names therefor. Upon information and belief, Defendants Gold Suit and Foster began using these designations for such services in El Paso, Texas, no earlier than July 2002; Defendants JGC Odessa and Foster began using same in Odessa, Texas, no earlier than August 2003; Defendants JGC Tye and Foster began using a "Jaguars Gold Club" designation in Tye/Abilene, Texas, no earlier than November 2004; and Defendant Foster, through other companies, thereafter opened "Jaguars Gold Clubs" in Dallas and Fort Worth, which subsequently were sold and rebranded. Each of these dates follow the date of Plaintiff's nationwide constructive first use of THE GOLD CLUB mark, and the date of Plaintiff's nationwide, federal priority in same. Examples of Defendants' use of these infringing designations are appended hereto as *Exhibit 3*.

18. Upon information and belief, Defendants have continued to use the aforesaid names and marks with full knowledge, and actual notice, of Plaintiff's predecessor's prior ownership of THE GOLD CLUB mark, and of the registration now held by Plaintiff therefor, in addition to the constructive notice received under 15 U.S.C. § 1057(c). On July 7, 2006, Plaintiff's predecessor sent a letter to Manana Entertainment, Inc., a corporation then held by Defendant Foster, demanding that the company cease and desist from its use of a "JAGUARS GOLD CLUB" designation for bar,

cabaret, restaurant, or other gentlemen's club services in Dallas, Texas, or in advertising and marketing materials therefor, while seeking to explore ways to resolve the dispute without litigation, in view of Plaintiff's federal registration. A true copy of this letter is attached hereto as *Exhibit 4.* Defendant Foster did not respond to this communication, but subsequently sold his Dallas and Fort Worth establishments to a third party, now operating as "Jaguars," without the infringing "GOLD CLUB" verbiage. Nonetheless, by virtue of this communication, Defendant Foster received actual notice of Plaintiff's federal rights, and Plaintiff's trademark priority over all of Defendant Foster's "Jaguars Gold Club" establishments, including those in El Paso, Odessa, Tye/Abilene, Harlingen, Lubbock, and Longview, Texas.

19. On February 25, 2010, after learning of the remaining "JAGUARS GOLD CLUB" establishments owned and/or operated by Defendants herein, Plaintiff again sent a letter to Defendant Foster, demanding that he desist and refrain from using "JAGUARS GOLD CLUB" or "GOLD CLUB" designations in connection with any gentlemen's club in Texas. A true copy of this letter is attached hereto as *Exhibit 5.* However, Defendants did not respond in writing, and despite several reminders, and two conferences with an attorney for Defendants, Plaintiff's attempts to resolve this matter amicably have been rebuffed.

20. The designations used by Defendants, as aforesaid, for their adult cabaret, restaurant, and nightclub services, are identical or virtually identical to Plaintiff's registered mark, in appearance, pronunciation, meaning, and commercial impression, or incorporate Plaintiff's registered mark it in its entirety, and the addition of the "house mark," "JAGUARS," does not serve to distinguish Defendants' services from those provided by Plaintiff and its licensees, under Plaintiff's registered mark, THE GOLD CLUB.

21. The services provided by Plaintiff and Defendants under their respective names and marks, as aforesaid, also are identical; are marketed to the same class of consumers; and, are advertised and promoted through the same channels of trade. Indeed, representatives of both Plaintiff and Defendants recently attended the same industry trade show in Las Vegas, for the purpose of marketing services under "THE GOLD CLUB" and "JAGUARS GOLD CLUB" marks to prospective licensees.

22. Plaintiff's service mark, "THE GOLD CLUB," is inherently distinctive as used in connection with Plaintiff's services, and is entitled to an incontestable presumption of distinctiveness and registrability under 15 U.S.C. § 1065.

23. Upon information and belief, Defendants' activities, as complained of herein, were and continue to be conducted willfully, in order to trade on the goodwill of Plaintiff, or with reckless disregard for Plaintiff's trademark rights, with both actual knowledge, and constructive knowledge, under 15 U.S.C. § 1072, that such conduct was and remains unlawful, and in contravention of Plaintiff's rights, and would likely confuse, mislead, and deceive an appreciable number of relevant consumers as to the source, affiliation, and sponsorship of the services emanating from Defendants and/or Plaintiff, resulting in direct injury to Plaintiff's reputation and goodwill.

24. Defendants' adoption and use of their alleged "GOLD CLUB" and/or "JAGUARS GOLD CLUB" names and marks, in the manners above-described, constitute service mark infringement, unfair competition, and false designations of origin under federal law.

25. Defendants' conduct has caused, and if allowed to continue will continue to cause, irreparable damage to Plaintiff's business, reputation, and goodwill, and Plaintiff has no adequate remedy at law.

**COUNT I**

**(Infringement of a Federally-Registered Service Mark Under 15 U.S.C. § 1114)**

**[Against All Defendants]**

26. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1-25 hereinabove, as if fully set forth in this Paragraph 26.

27. This Count, arising under Section 32 of the *Lanham Act* [15 U.S.C. § 1114], is for infringement of a service mark registered to Plaintiff in the United States Patent and Trademark Office.

28. Defendants have expanded their advertising and promotion of services under their alleged "GOLD CLUB," and/or "JAGUARS GOLD CLUB" marks, and unless enjoined, will continue such expansion.

29. Defendants alleged names and marks are identical or nearly identical to Plaintiff's THE GOLD CLUB mark, and are likely to cause confusion, mistake, and/or deception as to the source or origin of Defendants' services, in that the public, and others, are likely to believe that Defendants' services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected to Plaintiff, all to Plaintiff's irreparable harm.

30. Defendants have been requested to cease and desist from infringing Plaintiff's mark; however, Defendants have rebuffed all such requests.

31. Defendants, by their above-enumerated acts, have willfully and knowingly violated and infringed Plaintiff's rights in the aforesaid federally registered mark, and Defendants threaten to further violate and infringe Plaintiff's said rights.

32. As a direct result of Defendants' infringing activities, and threatened continued

infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount presently unknown, and to be ascertained at trial.

33. Said acts of infringement, and threatened continued infringement, will cause further irreparable injury to Plaintiff and the public unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**COUNT II**

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

**[Against All Defendants]**

34. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1-25 and 27-33 hereinabove, as if fully set forth in this Paragraph 34.

35. This Count, arising under Section 43(a) of the *Lanham Act* [15 U.S.C. §1125(a)], is for unfair competition and false designations of origin.

36. Plaintiff's mark, "THE GOLD CLUB," has become uniquely associated with Plaintiff, and identifies Plaintiff, and its services, to the public.

37. Defendants' provision, sale, offering for sale, and advertising, of services which are identical and highly-related to those of Plaintiff, in connection with marks which are identical, and/or virtually identical to Plaintiff's mark, comprise unfair competition under 15 U.S.C. § 1125(a), through the passing off of Plaintiffs' mark for that of Defendants, in a manner that is false, misleading, and misrepresents the nature, characteristics and qualities of Plaintiffs' services.

38. Defendants' provision, sale, offering for sale, and advertising, of services which are identical and highly-related to those of Plaintiff, in connection with marks identical, and/or virtually identical to Plaintiff's mark, comprise false designations of origin as to the services provided by

Defendants, and constitute false and misleading representations, in violation of 15 U.S.C. § 1125(a).

39. As a direct and proximate result of Defendants' acts of unfair competition and false designations of origin, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown, and to be determined at trial.

40. Said acts of unfair competition and false designations of origin will cause further irreparable injury to Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands:

1. That Defendants, their officers, shareholders, directors, agents, servants, employees, attorneys, representatives, successors, assigns, parents, subsidiaries, related companies, and all other persons, firms, or corporations acting in concert with Defendants or in privity therewith, be forthwith permanently enjoined and restrained, from:

   A. Using the marks, "THE GOLD CLUB," "GOLD CLUB," "JAGUARS GOLD CLUB," or any other name or mark confusingly similar to Plaintiff's mark, "THE GOLD CLUB," or any reproduction, counterfeit, copy, or colorable imitation thereof, alone, or in connection with other words, names, styles, titles, logos, artwork, or designs, as service marks, trademarks, trade names, assumed business names, or otherwise, in connection with Defendants' services or goods, or the marketing, advertising, promotion or identification of same;

   B. Representing Defendants to be the owners of, entitled to, or otherwise authorized to use the mark, "THE GOLD CLUB," or any mark confusingly similar thereto, in connection with any service or product;

   C. Applying said names or marks, or any such reproduction, counterfeit, copy,

or colorable imitation thereof, to any document or thing, including to any business card, label, sign, Web site, domain name, or advertisement, in any medium, used in connection with Defendants' services or goods;

   D. Performing any actions, or using any words, names, styles, titles, logos or marks, which are likely to cause confusion, or mistake, or to deceive, or to otherwise mislead the trade or the public into believing that Defendants and Plaintiff are in some way connected, affiliated, or associated with one another; that Plaintiff sponsors, supervises, or controls Defendants, or that Defendants' services originate with Plaintiff, or are offered with the approval, consent, authorization, or under the supervision thereof;

   E. Otherwise competing unfairly with Plaintiff in any manner;

  2. That Defendants be required to pay to Plaintiff, compensatory damages for injuries sustained in consequence of the acts complained of herein, and that such damages be trebled, under 15 U.S.C. § 1117(a)(3), as a result of the willful acts described hereinabove, in disregard of Plaintiff's known rights as aforesaid;

  3. That Defendants be required to account for and pay over to Plaintiff, any and all gains, profits and advantages derived by Defendants from the activities complained of herein;

  4. That this case be declared "exceptional" under 15 U.S.C. § 1117(a)(3), and that Defendants be required to pay to Plaintiff all of Plaintiff's litigation expenses, including reasonable attorneys' fees and the costs of this action;

  5. That Defendants be required to deliver up for destruction all signage, goods, packaging, containers, stationery, advertisements, brochures, promotional materials, and all other materials of any kind bearing the marks, "GOLD CLUB," "THE GOLD CLUB," "JAGUARS GOLD

CLUB," or any other name, mark, or design, confusingly similar to Plaintiff's THE GOLD CLUB mark, together with all plates, molds, matrices and materials used for making or reproducing same; and,

6.    That the Court provide Plaintiff with such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED:

November 24, 2010            By :   /s/Gregory H. Guillot
Gregory H. Guillot (#24044312)
**GREGORY H. GUILLOT, PC**
Two Galleria Tower Center
13455 Noel Road, Suite 1000
Dallas, TX 75240
Telephone: (972) 774-4560
Facsimile: (214) 515-0411
Email: ggmark@radix.net

Attorney for Plaintiff, PML Clubs, Inc.